IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:25-cv-03719-SKC-NRN

BRAYAN RESENDIZ,

    Petitioner,

v.

JUAN BALTASAR, *et al.*,

    Respondents.

---

## ORDER

---

Petitioner Brayan Resendiz is a citizen of Mexico who is currently being detained at the Aurora Contract Detention Facility. Dkt. 10, ¶¶1, 5. Petitioner was brought from Mexico to the United States as an infant. *Id.* at ¶1. He grew up speaking English and studied in public schools. *Id.* at ¶3. He is also a DACA recipient, and his DACA grant is valid until August 11, 2026. *Id.* at ¶29.

On August 25, 2025, U.S. Immigrations and Customs Enforcement officers encountered Mr. Resendiz and detained him. *Id.* at ¶31. The Department of Homeland Security issued a Notice to Appear and designated Mr. Resendiz as a noncitizen "present in the United States without being admitted or paroled" under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* at ¶32; *see also* Dkt. 13-1, ¶11. He has remained in ICE custody since August 25, 2025. *Id.* at ¶33. On December 9, 2025, an immigration

judge held a custody redetermination hearing at which it held that it was without jurisdiction to address Petitioner's custody. Dkt. 22, p.2. The immigration judge noted, however, that if they did have jurisdiction, Petitioner failed to establish that he was not a danger to the community. *Id.*

Mr. Resendiz filed a Petition for Writ of Habeas Corpus on November 18, 2025. Dkt. 1.[1] He argues, among other things, that his detention violates due process and he requests immediate release, or in the alternative, a bond hearing. Dkt. 10, p.20. On December 23, 2025, this Court ordered Respondents[2] to respond to the Petition within seven days of service. *See* Dkt. 9. Respondents filed their Response on January 5, 2026. Dkt. 13. On January 22, 2026, the Court ordered a non-evidentiary hearing on the Petition to resolve certain issues it found in the briefing and gather more information. Dkt. 18. At the hearing, the Court learned that on January 13, 2026, an immigration judge issued an order of removal for Mr. Resendiz, and Mr. Resendiz's deadline to appeal that decision was February 12, 2026. Dkt. 22, p.2. At the conclusion of the hearing, the Court ordered supplemental briefing on three issues:

---

[1] On December 23, 2025, the Court issued an Order informing Petitioner's counsel that he did not sign the Petition and left several dates blank. *See* Dkt. 9. The Court ordered Petitioner to file a signed copy of the Petition, which Petitioner did the same day. *See* Dkt. 10. The Court refers to this docket entry throughout the Order as the live pleading.

[2] "Respondents" refers to Juan Baltasar, the Warden of the Aurora ICE Processing Center; Kristi Noem, the Secretary of the United States Department of Homeland Security; Todd Lyons, the Acting Director of ICE; and Pamela Bondi, the United States Attorney General.

2

1. The effect, if any, of the Order of Removal on the relief requested in these proceedings.

2. The effect of the Order of Removal on these proceedings if that order is appealed.

3. Whether the immigration judge made a merits determination or merely an advisory opinion regarding the denial of bond, and if on the merits, how that affects the relief sought here.

Dkt. 21.

Petitioner and Respondents filed their supplemental briefs on February 17, 2026. *See* Dkt. 22; Dkt. 24. Petitioner also appealed the order of removal and Respondents conceded that "because the order of removal has been appealed by Petitioner, it is not a final order of removal and does not currently impact the relief requested by Petitioner in the Petition." Dkt. 22, p.3.

The Court has jurisdiction over this matter pursuant to Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id.* Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

The Court has considered the Petition, the Response, the various attachments, the supplemental briefing, and argument made at the hearing. For the reasons shared in the following discussion, the Court GRANTS the Petition.

## ANALYSIS

Mr. Resendiz argues that his mandatory detention violates his Fifth Amendment substantive due process rights. The government argues he is being properly detained pursuant to 8 U.S.C. § 1225(b)(2). Dkt. 13, pp.8–9. The Fifth Amendment entitles noncitizens to due process during removal proceedings. *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025). What process Petitioner is owed depends on his classification under the provisions of the Immigration and Nationality Act, an analysis which this Court and courts across the country have consistently been engaging with. *See Intriago-Sedgwick v. Noem*, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155, at *6 (D.N.M. Dec. 19, 2025).

In *Hernadez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025), this Court conducted a review of the governing statutes relied on by the parties here and concluded that when 8 U.S.C. § 1225 and 1226 are read together, they "cover [noncitizens] presenting at arrival (under § 1225) and then *everybody else* (under § 1226)." *Hernandez*, 2025 WL 3718159, at *6 (citing *J.G.O. v. Francis*, No. 25-CV-7233 (AS), 2025 WL 3040142, at *4 (S.D.N.Y. Oct. 28, 2025)) (emphasis in original). Because Mr. Hernandez had been present in the United States

4

for more than a decade, the Court found that Respondents were unlawfully detaining him under § 1225, and that he was only properly detained under § 1226. *Id.*

Respondents argue Mr. Resendiz's DACA status does not prevent his detainment, and he has failed to show his detention has no valid justification. Dkt. 13, pp.9–11. This Court disagrees and finds that § 1226 applies squarely to DACA recipients. *See Intriago-Sedgwick*, 2025 WL 3688155, at *7. To be sure,

> Such a conclusion naturally flows from the rule that § 1226(a) applies to noncitizens who are physically present in the country before apprehension: DACA recipients were verified by USCIS to have resided in the United States since 2007. 8 C.F.R. § 236.22(b)(2). And subjecting DACA recipients to mandatory detention under § 1225(b) is contrary even to *Yajure Hurtado's* flawed logic, as that would punish noncitizens who present themselves to the government through the DACA program rather than continue to evade identification.

*Id.*

Further, courts across the country have granted DACA recipients relief from detainment and removal. *See id.* at *5 (citing cases). This Court agrees.

In their supplemental brief, Respondents argue that the immigration judge's determination that, to the extent it had jurisdiction to address Petitioner's custody (which it found it did not), Petitioner failed to establish that he is not a danger to the community, was an alternative holding by the IJ. Dkt. 22, p.4. However, jurisdiction involves a court's power to hear a case and can never be forfeited or waived. *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, (10th Cir. 2013) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Thus, the immigration court's determination that it lacked jurisdiction to address custody effectively stripped it of the ability to issue

5

any "alternative holding," as Respondents suggest. The IJ's mention of what they would have found if they had jurisdiction is dicta at best and an advisory opinion at worst. Either way, it is not binding on this Court.

It appears that Respondents, and potentially the immigration judge, seek yet another way to insulate the government's unconstitutional behavior from this Court's review. Indeed, the cruelty appears to be the point. But this Court will not turn a blind eye to the constitutional protections due to all individuals in this country, including noncitizens. Respondents should endeavor to do the same. Consequently, this Court finds that Petitioner's Fifth Amendment substantive due process rights have been violated. Because Petitioner has established a due process violation, the Court will not address the other claims in Petitioner's Petition.

## REMEDY

The Court turns now to the question of relief. In this instance, the Court cannot conclude that ordering Respondents to provide Mr. Resendiz with a bond hearing under § 1226 is an appropriate remedy. Petitioner's continued detention which the government premises on § 1225(b) is unlawful. In addition, Mr. Resendiz is a DACA recipient, and his DACA status remains valid until August 11, 2026. "Forcing a detainee to wait for a hearing for days or weeks more in custody—under who knows what conditions—when he is not lawfully detained in the first place would gut the purpose of habeas review." *Rivero v. Mina*, No. 6:26-cv-66-RBD-NWH, 2026 WL

199319, at *4 (M.D. Fla. Jan. 26, 2026). Accordingly, the appropriate remedy is immediate release.

\* \* \*

For the reasons shared above, Brayan Resendiz's Petition for Writ of Habeas Corpus is **GRANTED**[3] and the Court **ORDERS** as follows:

1. Mr. Resendiz is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and Respondents are **PERMANENTLY ENJOINED** from re-detaining him under 8 U.S.C. § 1225(b)(2)(A).

2. Respondents shall immediately release Mr. Resendiz from detention.

3. To effectuate the purpose of this Court's Order and allow Mr. Resendiz to return home, Respondents are also temporarily enjoined from detaining Mr. Resendiz pursuant to 8 U.S.C. § 1226 for a period of fourteen days.

4. On or before Friday, February 20, 2026, Respondents shall confirm in writing Petitioner's release from custody.

5. This Court retains jurisdiction over this matter to ensure Respondents comply with this Order.

DATED:   February 19, 2026.

BY THE COURT

S. Kato Crews
United States District Judge

---

[3] To the extent Petitioner's counsel seeks an award of attorney's fees, he must file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.